**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AHMAD WILLIAMS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  23-918** |
| | : | |
| **EXPERIAN INFORMATION** | : | |
| **SOLUTIONS, INC.** | : | |

## <u>MEMORANDUM</u>

**MURPHY, J.**                                                    **November 6, 2023**

      This is one of many pro se cases brought under the Fair Credit Reporting Act in this district where the cookie-cutter complaint offers only conclusory allegations that the plaintiff's credit reports issued by the defendant were inaccurate.  Defendant Experian Information Solutions, Inc. ("Experian") filed a motion to dismiss for failure to state a claim, and we grant it.

**I.**    <u>Background</u>

      The complaint alleges that on approximately August 11, 2022, plaintiff Mr. Ahmad Williams ("Mr. Williams") received a copy of his Experian credit report, and that it contained inaccurate information.  DI 1 ¶ 5.  The inaccurate information "includes a credit card account from Pennsylvania State Employees Credit Union that represented a balance and a late payment."  *Id.* at ¶ 6.  The inaccurate information "negatively reflects upon" Mr. Williams.  *Id.* at ¶ 8.  Mr. Williams then filed  a report with "the FTC" and to Experian sent that "report along with proper identification documents and clarification of inaccurate reporting."  *Id.* at ¶ 7, 13.  Experian "refused to remove this inaccurate report."  *Id.* at ¶ 9, 14.  In spite of this, Experian "has been reporting the inaccurate information" on credit reports.  *Id.* at ¶ 11, 16.  Mr. Williams reports suffering "actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation."  *Id.* at ¶ 19.

Mr. Williams filed the complaint on March 8, 2023, alleging violations of the Fair Credit Reporting Act (FCRA).  *Id.* at ¶¶ 23-28 (citing provisions of 15 U.S.C. § 1681).  He also alleges that Experian's credit reporting defamed him, *id.* at ¶¶ 29-39, and that Experian negligently violated the FCRA, *id.* at ¶¶ 40-43.  He seeks actual damages of $4,000, statutory damages of $1,000, punitive damages of $500, and certain other relief.  *Id.*[1]

Experian moved to dismiss.  DI 11.  With respect to the FCRA claims, Experian argues that the complaint fails to state a claim because it lacks factual allegations identifying the nature of the inaccuracy, how or when the dispute was raised with Experian, or what actions Experian failed to take in response.  DI 11-1 at 5-8.  With respect to defamation, Experian argues the claim is preempted by the FCRA and that in any event, the complaint again fails to state a claim.  *Id.* at 8-10.  Mr. Williams's opposition briefs make clear that Mr. Williams opposes Experian's motion to dismiss, but do not signal that any additional facts might be available or identify any different legal authority of significance.  DI 12; DI 14.

## II.   <u>Analysis</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  A claim has facial plausibility when the facts pleaded permit a court to make the reasonable inference that the defendant is liable for the alleged misconduct.  *Id.*  The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* at 678 (quotation omitted).  We take well-

---

[1] Around the same time the complaint in this case was filed, Malaika Williams, who has the same address as Ahmad Williams, filed an essentially identical complaint against Experian.  *See* No. 23-cv-1183 (E.D. Pa.).  Experian filed an essentially identical motion to dismiss.  And so are our opinions dismissing the two cases.

pleaded facts to be true, construe those facts in the light most favorable to the plaintiff, and draw reasonable inferences from them. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Court "construe[s] . . . pro se filings liberally." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

The FCRA "was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Bibbs v. Trans Union LLC*, 43 F.4th 331, 339 (3d Cir. 2022) (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010)). Consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). If there is a dispute, they must also "conduct a reasonable investigation to determine whether the disputed information is inaccurate." § 1681i(a)(1)(A). The FCRA provides for civil liability for willful or negligent noncompliance. §§ 1681n, 1681o. Mr. Williams's complaint alleges that Experian violated § 1681e(b) and § 1681i(a).

To allege a violation of § 1681e(b), a complaint must provide plausible facts tending show "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy

was due to defendant's failure to follow reasonable procedures to assure maximum possible

accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the

inclusion of the inaccurate entry." *Bibbs*, 43 F.4th at 342 (quoting *Cortez*, 617 F.3d at 708).

Here, the complaint fails on at least the first two elements: there are no factual allegations

regarding the nature of inaccurate information, and none regarding the nature of Experian's

alleged failure to follow reasonable procedures. Rather, the complaint is entirely conclusory, and

neither Mr. Williams's opposition papers offers any elaboration or explanation for this

deficiency.

These are foundational problems with the § 1681i(a) claim as well. Furthermore, to

allege a violation of § 1681i(a)(1)(A), the statute, among other things, calls for allegations

regarding the "dispute[] by the consumer" about the "completeness or accuracy of any item of

information contained in a consumer's file," and the purported lack of a "reasonable

reinvestigation to determine whether the disputed information inaccurate." The complaint lacks

any factual allegations regarding any such dispute with Experian, or what it is that Experian did

or did not do. The complaint fails to state a willful or negligent noncompliance claim under the

FCRA.

With regard to defamation, the FCBA expressly preempts defamation claims.

§§ 1681h(e); 1681t(b)(1)(F); *see Cicala v. Trans Union, LLC*, 2016 WL 2622377, *3-4 (E.D. Pa.

May 9, 2016) (discussing preemption of defamation claims). At best, as discussed in *Cicala*, Mr.

Williams might have an argument that willful or malicious false statements should survive

preemption. But even if that were true, the complaint lacks any factual allegations from which

we might infer willfulness or malice. We therefore dismiss the defamation claim.

Often, it would be appropriate to grant leave to amend when dismissing a complaint for failure to state a claim.  "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  But here, given the entirely conclusory nature of the complaint, and there being no indication whatsoever — in either his opposition or his unauthorized second opposition — that Mr. Williams could or would cure these deficiencies, we will dismiss with prejudice.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Greiser v. Drinkard*, 516 F. Supp. 3d 430, 436 (E.D. Pa. 2021) ("Leave to amend should be denied if amendment would be futile or inequitable.").

**III.    Conclusion**

For the above reasons, we **GRANT** Experian's motion to dismiss Mr. Williams's complaint, with prejudice.